(No. 24582.

THE PEOPLE *ex rel.* Mary S. Freeman, Appellee, *vs.* THE DEPARTMENT OF PUBLIC WELFARE *et al.* Appellants.

*Opinion filed April 20, 1938.*

OTTO KERNER, Attorney General, (A. B. DENNIS, and THOMAS KASTEL, of counsel,) for appellants.

GORE & DAVIES, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The People of the State of Illinois, on the relation of Mary S. Freeman, filed an amended petition for a writ of *mandamus* in the circuit court of Sangamon county against the Department of Public Welfare of the State, its director and the superintendent of its division of old age assistance to compel them to enroll the name of the relatrix as a beneficiary of old age assistance. By her petition the relatrix charged, and the answer of the director and the superintendent admitted, that the county department of public welfare of Fayette county granted her an award of $18 per month in July, 1936, and that she was paid this amount each month until August, 1937, when the State department cancelled her award and discontinued payments to her solely because she had become a member of the I.O.O.F. Old Folks' Home at Mattoon. Upon motion of the relatrix, the action was dismissed as to the Department of Public Welfare. Thereafter, the court ordered the writ to issue against the director and the superintendent, directing them to restore the relatrix as a recipient under the Old Age Assistance act and, specifically, to all rights and payments to which she was entitled on August 1, 1937, the day the cancellation of her original award became effective. From that judgment this appeal is prosecuted.

The respondents contend that this action cannot be maintained because it is a suit against the State within the meaning of section 26 of article 4 of the constitution, providing that the State shall never be made a defendant in any court of law or equity. It is settled that a suit against a governmental agency which is a part, or division, of the State government is a suit against the State, (*Schwing* v. *Miles,* 367 Ill. 436; *Noorman* v. *Department of Public Works and Buildings,* 366 id. 216;) and will not lie. Here, however, the action was dismissed as to the Department of Public Welfare, leaving as respondents only the director of the department and the superintendent of a departmental division. This case falls within the established rule that where the action at law or suit in equity is maintained against a State officer or the director of a department on the ground that, while claiming to act for the State, he violates or invades personal and property rights under an assumption of authority which he does not have, such a suit is not against the State. (*Schwing* v. *Miles, supra; Noorman* v. *Department of Public Works and Buildings, supra.*) The presumption obtains that the State, or a department thereof, will not, and does not, violate the constitution and laws of the State, but that such violation, if it occurs, is by a State officer or the head of a department of the State, and such officer or head may be restrained by proper action instituted by a citizen. (*Noorman* v. *Department of Public Works and Buildings, supra; Joos* v. *Illinois National Guard,* 257 Ill. 138.) In particular, *mandamus* lies to review the acts of administrative officers or boards where it appears they have acted arbitrarily or in abuse of discretion vested in them. (*People* v. *Brady,* 268 Ill. 192; *People* v. *Potts,* 264 id. 522; *People* v. *VanCleave,* 183 id. 330.) We are of the opinion that the present proceeding charging arbitrary action or abuse of administrative discretion resulting from an erroneous construction of a statute is not a suit against the State.

The next question is whether the respondents exceeded the authority delegated to them by their revocation of relief to the relatrix. The General Assembly has placed the administration of the Old Age Assistance act in the Department of Public Welfare and the county departments. Power to make the law or a discretion as to what the law shall be was not delegated. The authority or discretion granted to the administrative agencies as to the execution of the statute, it follows, must be exercised under and conformably to the law itself. Aid shall be given, the Old Age Assistance act commands, to any person who meets the requirements set out in the nine paragraphs of section 2. The determination of whether an applicant meets certain of these requirements is a matter which involves the exercise of judgment and discretion. Other requirements, however, are specific in the extreme and do not involve administrative judgment and discretion. The fourth and ninth paragraphs of section 2 ordain that assistance shall be given to any person who is not an inmate of or being maintained by any county, State or national institution, and, if an inmate of, or being maintained by, a private institution, has not purchased care and maintenance either by cash or transfer of property, in such institution, or having purchased such care and maintenance, he shall be eligible for assistance when and after the amount of such cash or property has been wholly consumed for his care and maintenance. (Ill. Rev. Stat. 1937, p. 317.) The relatrix is not an inmate of or being mantained by a municipal, county, State or national institution, and, hence, is not precluded by the provision concerning such inmates from invoking the benefits of the Old Age Assistance act. She is an inmate of, and is being maintained by, a private institution. It is conceded that she has not purchased care and maintenance either by cash or transfer of property in the institution in which she now resides. The statute expressly proclaims that under such circumstances a person is eligible for relief under its benefi-

cent provisions. The authority and discretion granted to the department do not extend to complete denial of assistance merely because an applicant, otherwise eligible, becomes an inmate of a private institution. Courts have no legislative powers and may not, under the cloak of construction, incorporate in a statute provisions not within the intention of the General Assembly as expressed in the statute itself. *Burley* v. *Lindheimer*, 367 Ill. 425.

The fourth and ninth paragraphs of section 2 of the Old Age Assistance act are unambiguous. Inmates of public institutions are expressly excluded from the benefits of the Old Age Assistance act. Had the legislature intended to also exclude inmates of private institutions it would undoubtedly have employed appropriate language to accomplish its purpose. On the contrary, the persons last described are specifically designated as potential recipients of assistance, provided, of course, they can satisfy the other requirements of the law. Further manifestation of the legislative intent is the provision that a person who has purchased care and maintenance either by cash or transfer of property to a private institution in which he is an inmate shall be eligible for assistance under the act when and after the amount of cash or property for his care and maintenance has been exhausted.

Although residence in a private institution does not render the relatrix ineligible to assistance,—and, under the statute, she is clearly entitled to aid,—it does not follow that she is entitled to the same amount after she became a member of the home as she was receiving prior thereto. Section 11 of the Old Age Assistance act expressly authorizes the administrative agencies to change or cancel the amount of assistance previously awarded whenever circumstances warrant such action. The amount of the modified award rests in the discretion of the State and county departments to be exercised conformably to applicable standards prescribed by section 2. Even though cancellation of the ini-

510

tial award in the present case was without a statutory basis the admitted facts did not necessarily justify its complete restoration.

The judgment of the circuit court in so far as it directs that the name of relatrix be restored to the list of recipients of assistance for the aged is correct. To the extent, however, that it orders a restoration of the same benefits which relatrix enjoyed before her admission to the I.O.O.F. home, the judgment is erroneous. The judgment must, therefore, be reversed and the cause remanded to the circuit court, with directions to enter a judgment in favor of the relatrix and against the respondents in conformity with the views expressed in this opinion.

*Reversed and remanded, with directions.*