THE PEOPLE *ex rel.* JUNUS MACIUBA *et al.*, Plaintiffs-Appellants, *v.* WARREN CHESTON *et al.*, Defendants-Appellees.

(No. 60045;

First District (5th Division)—December 13, 1974.

*Rehearing denied January 31, 1975.*

Thomas J. Grippando, of Chicago, for appellants.

Baker & McKenzie, of Chicago (Francis D. Morrissey and John T. Coleman, of counsel), for appellees.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiffs filed an amended complaint, Count III of which alleged the commission of an assault and battery by three employees of the State of Illinois. Defendants moved to dismiss Count III, arguing that exclusive jurisdiction to hear claims of this nature is vested in the court of claims, and their motion was granted. On appeal plaintiffs contend that amended Count III was brought against defendants as individuals rather than in their capacity as State employees and therefore the circuit court had jurisdiction over their tort claim.

Plaintiffs alleged that they were reporters for the Chicago Illini, a student newspaper at the Chicago Circle Campus of the University of Illinois. On April 5, 1973, they were present at a "duly constituted" meeting of the faculty senate which was held on the campus. The faculty senate "is a duly constituted advisory body which is part of the University of Illinois and is supported in whole or in part by tax revenue and said body expends tax revenue." During the course of the April 5 meeting the faculty senate voted to expel all nonmembers. Pursuant to this action defendants Hartnett and Johnson, who are State employees and faculty senate members, under the instructions of defendant Cheston who is the Chancellor of the Chicago Circle Campus and the chairman of the faculty senate, expelled plaintiffs.

Count III alleges that in expelling plaintiffs defendants committed an assault and battery.[1] It further alleges that the decision of the faculty senate to bar nonmembers from its April 5 deliberations was in violation of statutory provisions requiring public bodies to conduct "open" meetings. See Ill. Rev. Stat. 1971, ch. 102, par. 41.[2]

■■ The court of claims has exclusive jurisdiction to hear and determine "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit * * *." (Ill. Rev. Stat. 1973, ch. 37, par. 439.8(d); see *Powers v. Telander*, 129 Ill.App.2d 10, 262 N.E.2d 342.) At oral argument plaintiffs conceded that their mere allegation of the commission of an assault and battery, a tort, by agents of the State allegedly acting within the

---

[1] Counts I and II of plaintiffs' amended complaint asked for mandamus, declaratory and injunctive relief to permit the public to attend all meetings of the faculty senate. At oral argument it was represented that these counts were subsequently dismissed and are the subject of a separate appeal.

[2] Although Ill. Rev. Stat. 1971, ch. 102, par. 42, generally requires the meetings of administrative and advisory bodies to be open to the public, we note that it does not prevent "an advisory committee appointed to provide a public body with professional consultation on matters germane to its field of competence from holding a closed session to consider matters of professional ethics or performance."

scope of their authority, would not be sufficient to place their claim within the jurisdiction of the circuit court. They assert, however, that since they averred that in closing its meeting the faculty senate had acted in violation of a statutory provision, defendants therefore exceeded their authority in expelling them, were not acting in their official capacity and consequently the court below was the proper forum for the resolution of their claim. There is no claim that plaintiffs were beaten up or manhandled, only that they were escorted from the room.

■■ Whether a suit against a State employee is, in fact, a suit against the State and hence one that must be heard in the court of claims depends upon the nature of the employee's alleged conduct and the relief sought. (*Powers*.) If the relief sought "could operate to control the action of the State or subject it to liability," the suit is deemed to be against the State. (*Struve v. Department of Conservation*, 14 Ill.App.3d 1092, 1094, 303 N.E.2d 32; *Schwing v. Miles*, 367 Ill. 436, 11 N.E.2d 944.) In the instant case plaintiffs alleged that Cheston, Hartnett and Johnson were State employees, that in expelling non-members of the faculty senate from the meeting they were acting pursuant to a directive of that body, and that the faculty senate is supported by and expends tax revenues. Plaintiffs assert that their right to a judgment is contingent upon a finding that the faculty senate could not close its meetings to the public. Thus it is clear that the relief sought will affect the manner in which the faculty senate, a State agency, can conduct its affairs. On the basis of the amended complaint before us there can be no doubt that defendants were acting in their official capacity, pursuant to the authorization of the faculty senate, an agency of the University of Illinois and the State. We believe, therefore, that the State is the real party against which relief should be sought. The court below properly dismissed Count III for want of jurisdiction, and we affirm the judgment.

Affirmed.

SULLIVAN, P. J., and BARRETT, J., concur.