JAMES J. McCOY, Plaintiff-Appellant, *v.* RONALD STACKLER, Director of the Department of Registration and Education, Defendant-Appellee.

First District (3rd Division) No. 62204

Opinion filed May 20, 1976.

James McCoy, of Arlington Heights, for appellant, *pro se.*

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:
Plaintiff, James J. McCoy, appeals from the dismissal of his amended

petition for a writ of mandamus and for money damages. The amended petition had sought to compel defendant, Ronald Stackler, Director of the Illinois Department of Registration and Education, to publish and provide an annual list of physical therapists authorized to practice in Illinois, as required by section 3 of the Illinois Physical Therapy Registration Act (Ill. Rev. Stat. 1973, ch. 91, par. 22.3(7)), and to recover money damages allegedly resulting from the defendant's refusal to publish such list. Upon appeal, plaintiff contends that the trial court erred in dismissing the action in that it had authority to grant a writ of mandamus to compel publication of the statutory list, and that the trial court erred in holding that suit for money damages against a State official could only be brought in the Illinois Court of Claims. The facts are briefly set forth as follows.

On October 25, 1974, plaintiff commenced a *pro se* action for a writ of mandamus against the defendant. His petition alleged that he had been a licensed physical therapist in Illinois since 1967 and was premised on section 3 of the Illinois Physical Therapy Registration Act which provides in pertinent part:

> "The Director shall, during the month of April of every year, publish a list of registered physical therapists authorized to practice physical therapy in the State and shall mail a copy of that list to each physical therapist registered in the State. This list shall show the name of every living registrant, his last known place of business and last known place of residence and the date and number of his certificate of registration as a registered physical therapist. Any interested person in the State is entitled to obtain a copy of that list on application to the Director and payment of such amount as may be fixed by him, which amount shall not exceed the cost of the list so furnished."

In addition to seeking to compel publication of the statutory list, the petition also prayed for money damages from defendant for alleged injury to plaintiff's business resulting from the failure to publish the list. A motion to dismiss the petition was filed by defendant. The trial court granted the motion but allowed plaintiff leave to file an amended complaint. On February 10, 1975, plaintiff filed an amended petition and attached as an exhibit a letter from defendant, dated October 17, 1974, stating that the list of licensed physical therapists would not be printed due to budget limitations. Defendant then filed a motion to dismiss the amended petition. The motion alleged *inter alia* that the duty sought to be compelled was not a mandatory duty; that an action for a writ of mandamus does not lie when the writ would create confusion and disorder in public service; and that the claim for money damages was against the State and could be brought only in the Illinois Court of Claims.

On March 17, 1975, the trial court granted defendant's motion to dismiss. After denial of his motion for rehearing, plaintiff appealed.

■■ At oral argument plaintiff stated that he is no longer pursuing his contention of error as to the dismissal of the claim for money damages. In view of the foregoing and the clear statutory prohibition against suits at law or in equity against the State, including those that are nominally brought against an individually named State official, we will reach only the plaintiff's initial contention. (Ill. Rev. Stat. 1973, ch. 127, par. 801; *People ex rel. Maciuba v. Cheston* (1975), 25 Ill. App. 3d 224, 323 N.E.2d 40; *Struve v. Department of Conservation* (1973), 14 Ill. App. 3d 1092, 303 N.E.2d 32.) It is to be noted, however, that although the amended petition in part sought relief which the trial court was without jurisdiction to grant, the remainder of the amended petition is not rendered insufficient if other relief is sought to which plaintiff is clearly entitled. *People ex rel. Scott v. Kerner* (1965), 32 Ill. 2d 539, 208 N.E.2d 561.

■■ As the court stated in *People ex rel. Vlahakis v. Hanrahan* (1972), 8 Ill. App. 3d 313, 314, 290 N.E.2d 680:

"The writ of *mandamus* is a summary writ issued from a court of competent jurisdiction commanding the officer to whom it is addressed to perform some specific duty to which the petitioner is entitled as a matter of right and which the party owing the duty has failed to perform. (*Fergus v. Marks,* 321 Ill. 510, 152 N.E. 557.) *Mandamus* is not a writ of right but is to be awarded in the sound discretion of the court and should not be issued unless the petitioner shows a clear legal right to have the thing sought to be done and by the person sought to be commanded. (*Lenit v. Powers,* 120 Ill. App. 2d 411, 257 N.E.2d 142.) A petitioner seeking a writ of *mandamus* to command an officer to perform a duty must show a clear right to the relief asked by allegation of specific facts. (*People ex rel. Thomas v. Board of Education of City of Chicago,* 40 Ill. App. 2d 308, 188 N.E.2d 237.) Petitioner must also show a duty on the part of the respondent by allegations of material facts; * * *."

Here, plaintiff alleged a statutory duty on the part of defendant to publish the annual list of licensed physical therapists. The language of the statute is mandatory and grants no discretion to defendant as to compliance with the publication requirement, whether for budgetary reasons or some other contingency. On its face, the amended petition, in seeking a writ of mandamus, alleged sufficient facts to show a clear legal right of plaintiff to have the statutory list published and a clear legal duty of defendant to publish and distribute the list, and defendant's failure to comply with his duty merely because plaintiff has asked for money damages which relief he cannot obtain does not render the mandamus petition insufficient. (*People ex rel. Scott v. Kerner,* 32 Ill. 2d 539, 543.) We hold that the trial

court erred in dismissing the amended petition insofar as it sought the issuance of a writ of mandamus.

■■ Defendant argues that the trial court properly dismissed the amended petition because the only proper mode of review of defendant's refusal to publish the statutory list was by a complaint under the Adminstrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*). We disagree. Defendant has misconceived the nature of his determination not to publish the statutory list. Although the Administrative Review Act is applicable to all final adminstrative decisions of the Department of Registration and Education under the Illinois Physical Therapy Registration Act, the latter act adopts the term "administrative decision" as defined in the former (Ill. Rev. Stat. 1973, ch. 91, par. 22.22). The Administrative Review Act limits the scope of judicial review to "a final decision" of an adminstrative agency (ch. 110, par. 265), and defines the nature of an "adminstrative decision" or "decision," stating in pertinent part (ch. 110, par. 264):

> "The term 'adminstrative decision' or 'decision' does not mean or include rules, regulations, standards, or statements of policy of general application issued by an administrative agency to implement, interpret, or make specific the legislation enforced or administered by it unless such a rule, regulation, standard . or statement of policy is involved in a proceeding before the agency and its application or validity is in issue in such proceeding, nor does it mean or include regulations concerning the internal management of the agency not affecting private rights or interests."

In the instant case the mandatory language of the statute requires that defendant publish the annual list of licensed physical therapists as therein set forth. It does not vest the defendant with any discretion to disregard the legislative directive. Having no authority to do anything other than fulfill that directive, defendant's refusal to do so does not constitute an "administrative decision" or "decision" subject to administrative review.

Accordingly, the order of the circuit court of Cook County insofar as it dismissed plaintiff's prayer for monetary damages is affirmed; the order dismissing the petition and the prayer for a writ of mandamus is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Affirmed in part; reversed and remanded in part.

DEMPSEY and McNAMARA, JJ., concur.