JERRY RITCHEY, Plaintiff-Appellant, *v.* GEORGE MAKSIN, Defendant-Appellee.

Fifth District    No. 76-232

Opinion filed May 10, 1977.—Rehearing denied July 8, 1977.

JONES, J., dissenting.

Dennis J. Hogan, of Murphysboro, for appellant.

William J. Scott, Attorney General, of Chicago (Stephen R. Swofford, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff appeals from a judgment of the circuit court of Jackson County dismissing his complaint with prejudice.

The plaintiff's complaint alleged that the defendant was employed as an inspector with the Department of Agriculture and that his duties were ministerial; that in excess of his duties he negligently and/or wilfully and wantonly initiated criminal charges against the plaintiff and publicly accused the plaintiff of being an adulterator and mishandler of feed products.

The defendant who was represented by the Attorney General's office filed a motion to dismiss the complaint which in pertinent part reads:

"4. The complaint herein clearly shows the sole and only reason that this defendant was made a party in this action is that he exercised authority and discharged duties of the State agency in connection with the subject matter of said complaint.

5. Plaintiff is in fact suing an agency of the State of Illinois in contravention of P.A. 77-1776, Ill. Rev. Stats., 1973, ch. 127, par. 801, which provides:

'Except as provided in "AN ACT to create the Court of Claims, to prescribe its powers and duties and to repeal AN ACT herein named", filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court.'

This action can not, therefore, be maintained in the Circuit Court."

The trial court in dismissing plaintiff's complaint with prejudice held that plaintiff's suit should have been filed in the Court of Claims:

"It is the opinion of the court that the motion of the defendant based upon limitations of Chapter 127, paragraph 801, is well founded and that the principle complaint is a suit against an individual for governmental acts and that the defendant is immune from this suit and that this court does not have jurisdiction in this matter and that the same should be filed in the Court of Claims in the State of Illinois.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the complaint be dismissed with prejudice."

The sole question before this court, then, is whether plaintiff was, in fact, suing the State of Illinois in contravention of Ill. Rev. Stat. 1975, ch. 127, par. 801. We emphasize that in considering this case we are not concerned with the question of whether plaintiff's complaint states a cause of action against the defendant individually.

In *G. H. Sternberg & Co. v. Bond*, 30 Ill. App. 3d 874, 333 N.E.2d 261, this court considered a case wherein the trial court enjoined the Director of the Department of Transportation from enforcing contract rights under a construction contract entered into between plaintiff and the State. In holding that the State was the real party in interest rather than the defendant, this court observed that it was clearly the intent of plaintiff to enjoin any and all members of State government from taking any action in the contract. We further observed that plaintiff's suit attempted to bind the State and asked no relief from the defendant personally.

In this case plaintiff does not purport to sue the State or a department of the State. Neither does he seek to control an activity of the State or subject the State to liability.

In *Sternberg* we said:

"The supreme court has consistently held that whether a cause of action is barred by sovereign immunity is not to be determined solely by identification of the formal parties in the record but depends upon the issues presented and the relief sought. [Citations.] In *Struve v. Department of Conservation*, 14 Ill. App. 3d 1092, 303 N.E.2d 32 (1973), plaintiff filed suit against the Department and its director asking for a determination of her rights under a lease entered into with the State and for an injunction prohibiting her eviction by the State. The court held that the circuit court was without jurisdiction to entertain the suit. The court stated:

'A suit brought against an officer or agency with relation to some matter in which defendant represents the state in action and liability, and the state while not a party to the record is the real party against which relief is sought, so that a judgment or decree for plaintiff, although nominally against the named defendant as an individual distinct from the state, could operate to control the action of the state or subject it to liability, is in effect, a suit against the state. [Citation.] (14 Ill. App. 3d 1092, 1093-94, 303 N.E.2d 32, 34.)' " 30 Ill. App. 3d 874, 876-77.

The following language contained in 81 C.J.S. *States* §216 (1953), at pages 1316-18, is most relevant to this appeal:

"As is sometimes pointed out in the cases, suits, such as those mentioned in the preceding section, wherein it is sought to compel defendant officially to perform an obligation, or refrain from action, which is that of the state in its political capacity, are clearly distinguishable from suits against officers or agents personally, because, while claiming to act officially, they have committed or they threaten to commit wrong or injury to the person or property of plaintiff, either without right and authority or under color of an unconstitutional statute. Although defendant may assert that he acted officially, and on behalf of the state, a suit of this latter class is not a suit against the state, whether it is brought to redress injuries; to recover property wrongfully taken or held by defendant on behalf of the state; to recover damages; for an injunction; or to compel an officer to obviate the effect of an illegal act."

Since the plaintiff sought damages only against the defendant personally, and since he did not attempt to control the action of the State or subject it to liability, we find that this cause of action was not one against the State of Illinois. Accordingly, we reverse the judgment of the circuit court of Jackson County and remand this case for further proceedings.

Reversed and remanded.

EBERSPACHER, J., concurs.

Mr. JUSTICE JONES, dissenting:

Has the State been sued in this case? I believe that it has and that such fact is apparent from the face of the complaint and conclusively determined by case law and I accordingly would affirm the judgment of the trial court. Furthermore, aside from the question of State immunity, I would affirm the trial court upon the ground that the complaint does not state a cause of action against the defendant as an individual. I accordingly respectfully dissent.

Patently the complaint names George Maksin as the only defendant— neither the State nor its agency, the Department of Agriculture, is expressly involved. Nevertheless, the omission to sue the State or one of its agencies in express terms is not determinative of the question. The following from *Posinski v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 376 Ill. 346, 351, 33 N.E.2d 869, 871, correctly states the rule:

"[A] suit nominally against an officer or agency with relation to some matter in which defendant represents the State in action and liability, is a suit against the State if the State, while not a party to the record, is the real party against which relief is sought. Stated differently, where the rights of the State are directly and adversely affected by the judgment or decree sought against the officer of the State, the suit is against the State, and is prohibited by the constitution."

(*Schwing v. Miles*, 367 Ill. 436, 11 N.E.2d 944.) Many cases stand for this proposition and several are cited in the *Sternberg* case which appears in the majority opinion.

There is a corollary rule which holds that State officials may not claim the immunity of Ill. Rev. Stat. 1975, ch. 127, par. 801 for their actions which are outside the scope of their authority. That rule is stated in *People ex rel. Freeman v. Department of Public Welfare*, 368 Ill. 505, 507, 14 N.E.2d 642, 643, as follows:

"* * * [W]here the action at law or suit in equity is maintained against a State officer or the director of a department on the ground that, while claiming to act for the State, he violates or invades personal and property rights under an assumption of authority which he does not have, such a suit is not against the State. (*Schwing v. Miles, supra; Noorman v. Department of Public Works & Buildings, supra*.) The presumption obtains that the State, or a department thereof, will not, and does not, violate the constitution and laws of the State, but that such violation, if it occurs, is by a State officer or the head of a department of the State, and such officer or head may be restrained by proper action instituted by a citizen. (*Noorman v. Department of Public Works & Buildings, supra; Joos v. Illinois National Guard*, 257 Ill. 138.)"

Also see *Noorman v. Department of Public Works & Buildings*, 366 Ill. 216, 8 N.E.2d 637; *Fitts v. McGhee*, 172 U.S. 516, 43 L. Ed. 535, 19 S. Ct. 269.

Whether a suit is one against the State and therefore prohibited by the statute depends on the type of action that is being brought and the relief that is being sought. *Posinski v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.; Scoa Industries, Inc. v. Howlett*, 33 Ill. App. 3d 90, 337 N.E.2d 305; *Powers v. Telander*, 129 Ill. App. 2d 10, 262 N.E.2d 342.

In considering the type of action being brought and the relief being sought in the case under consideration it is apparent to me that the action is against the State and is accordingly prohibited.

The complaint against the nominal defendant, George Maksin, is in two counts, one couched in negligence and the other couched in wilful-

wanton conduct. The allegations of the two counts are identical except that count II substitutes wilful wanton conduct for negligence. The complaint alleges that defendant was a functionary employee of the Illinois Department of Agriculture and negligently, or wilfully and wantonly, went beyond the scope of his "ministerial functionary duties of a feed inspector" in accusing plaintiff of being an adulterator or misbrander of feed products. In three subparagraphs of specific charges the same act is alleged as the "negligent" or "wilful wanton" violation by defendant. That act is the signing of a complaint against plaintiff in which plaintiff was being charged with a violation of the Illinois Commercial Feed Act of 1961 (Ill. Rev. Stat. 1975, ch. 56½, par. 66.1 *et seq.*). No other action or activity on the part of defendant is alleged in the complaint. Plaintiff admits as much in his brief where he states the following:

> "The Department of Agriculture of the State of Illinois, acting by and through a Bureau Chief entered an administrative order on May 7, 1975, recommending that the State's Attorney of Jackson County initiate a prosecution against Plaintiff's business interests pursuant to the Bureau of Products Inspection and Standards finding—which finding the Department wanted the State's Attorney to adopt—that said business interests were in violation of the Illinois State Commercial Feed Act.
>
> The State's Attorney of Jackson County did not, in *his* oath of office, initiate any prosecution against Plaintiff's business interests.
>
> Defendant George Maksin, a feed inspector with the Department of Agriculture, swore on June 3, 1975, as an individual, to the truth of a State Complaint charging Plaintiff Jerry Ritchey with violations of Chapter 56½ I.R.S. Secs. 66.7(c) and 66.8(c). When he swore as an individual to the truth of these charges, the Defendant Maksin knew, or, in the exercise of ordinary care should have known, that the charges were each without probable cause basis."

It is obvious from the face of the complaint that defendant was executing policy of the State of Illinois. There is no allegation that he either negligently, wilfully or fraudulently conducted tests of plaintiff's feed and produced an erroneous and detrimental analysis to plaintiff's damage. In signing the complaint defendant was but fulfilling his duty as an officer of the State.

Section 9(a) of the Commercial Feed Act of 1961 (Ill. Rev. Stat. 1975, ch. 56½, par. 66.9(a)) makes it the duty of the Director of the Department of Agriculture to inspect, analyze and test commercial feeds to determine whether they are in compliance with the Act, and it authorizes the Director to act through agents. Section 10 of the Act (Ill. Rev. Stat. 1975,

ch. 56½, par. 66.10) charges the Director with enforcement of the Act. Section 12(a) of the Act (Ill. Rev. Stat. 1975, ch. 56½, par. 66.12(a)) provides that a certified copy of the official analysis shall be accepted as prima facie evidence of the composition of feeds tested and subsection (c) of that same section provides that the State's Attorney to whom any violation is reported shall cause appropriate proceedings to be instituted and prosecuted without delay. Such prosecution cannot be commenced without the signing of a complaint and defendant was but fulfilling his duty, as an agent of the Director of the Department of Agriculture, when he signed. It is, of course, proper to consider the statute in determining the legal ramifications of the complaint.

Despite the personal allegations levied against defendant it is easily determined that it is the State that is under attack here and that it is the State that will be affected by the result. If this complaint is allowed to stand it will hinder and deter the State in its enforcement of the provisions of the Act and cast an undue burden upon the officers of the Department of Agriculture in seeking sanctions for violations of the Act.

Aside from the matters that appear on the face of the complaint and in the statute, there are compelling precedents. Particularly apt is *People ex rel. Maciuba v. Cheston*, 25 Ill. App. 3d 224, 323 N.E.2d 40. There plaintiffs filed a complaint for assault and battery, a tort, against three employees of the State of Illinois. Plaintiffs were reporters for the Chicago Illini, a student newspaper. The defendants were faculty members of the University of Illinois Chicago Circle campus and members of the faculty senate. The complaint alleged that at a meeting of the faculty senate the senate voted to expel all nonmembers. Pursuant to the vote the defendants, who were State employees and faculty senate members, under the instructions of defendant Cheston, Chancellor of the Chicago Circle campus, expelled plaintiffs. The complaint alleged that in expelling plaintiffs the defendants had exceeded their authority and were therefore not acting in their official capacity and consequently the circuit court, not the court of claims, was the proper forum for their claim. The court held that the relief sought would affect the manner in which the faculty senate, a State agency, could conduct its affairs (by holding a closed meeting) and accordingly the suit was against State employees acting in their official capacity and the State was the real party in interest.

In *McCoy v. Stackler*, 38 Ill. App. 3d 1012, 350 N.E.2d 197, plaintiff filed suit for a writ of mandamus and for money damages against Ronald Stackler, Director of the Illinois Department of Registration and Education. Plaintiff sought to compel defendant to publish an annual list of physical therapists authorized to practice in Illinois and to recover money damages allegedly resulting from defendant's refusal to publish such list. The trial court dismissed the action, holding that the suit for

money damages could only be brought in the Illinois Court of Claims. Upon appeal the plaintiff stated he was no longer pursuing his claim for money damages. Although the issue was dropped from the case by the plaintiff the court made it clear that they considered that the action for money damages would not lie against the defendant individually, stating:

> "In view of the foregoing and the clear statutory prohibition against suits at law or in equity against the State, including those that are nominally brought against an individually named State official, we will reach only the plaintiff's initial contention [that mandamus should issue]. (Ill. Rev. Stat. 1973, ch. 127, par. 801; *People ex rel. Maciuba v. Cheston* (1975), 25 Ill. App. 3d 224, 323 N.E.2d 40; *Struve v. Department of Conservation* (1973), 14 Ill. App. 3d 1092, 303 N.E.2d 32." (38 Ill. App. 3d 1012, 1014.)

For cases of similar import where suit was brought against an individual but it was held that the real party defendant was the State, see *Struve v. State Department of Conservation*, 14 Ill. App. 3d 1092, 303 N.E.2d 32, and *G. H. Sternberg & Co. v. Bond*, 30 Ill. App. 3d 874, 333 N.E.2d 261.

Aside from the question of whether the instant suit is against the State, I would dismiss the complaint as failing to state a cause of action against the defendant individually. The majority sidestepped the question, stating "* * * we are not concerned with the question whether plaintiff's complaint states a cause of action against the defendant individually." Although the trial court did not rule on the sufficiency of the complaint to state a cause of action against defendant individually the question was presented to the court by defendant's motion to dismiss. The rule is that a judgment can be sustained by a reviewing court on any basis appearing in the record which validly supports it, even if the ground was not ruled upon by the trial court. (*Shaw v. Lorenz*, 42 Ill. 2d 246, 246 N.E.2d 285; *Korzen v. Piper's Alley Corp.*, 35 Ill. App. 3d 449, 342 N.E.2d 249.) I would therefore affirm the trial court on the additional ground. The complaint fails to allege sufficient, or any, facts to state a cause of action against defendant. Although the complaint is replete with charges of negligence and wilful wanton conduct, the only act ascribed to defendant is the signing of the complaint. As to that it is plain that there was no breach of any duty owed to plaintiff for the action was in fulfillment of a statutory duty, and that has been already explained. Neither can there be any breach of any duty owed to plaintiff by a failure by defendant to conduct his own inspection, testing and analysis of the feed before signing the complaint. The statutory duties imposed clearly prevent any such duty asserted by plaintiff from arising. After all, to say that a duty exists is to say that the law requires conduct of a prescribed nature. To give vent, then, to plaintiff's allegation of a duty upon the part of the defendant here,

in the face of the statute, would be to say that defendant was under a duty not to do his duty. The idea is farcical and so is plaintiff's complaint. For the above reasons I would affirm the trial court.