LOUIS WOZNIAK, Plaintiff-Appellant, v. THOMAS F. CONRY, Defendant-Appellee (Michael H. Pleck *et al.*, Respondents in Discovery).

Fourth District    No. 4—96—0631

Argued March 19, 1997.—Opinion filed May 8, 1997.

Robert G. Kirchner (argued), of Lerner & Kirchner, of Champaign, for appellant.

Michael R. Cornyn (argued) and William J. Brinkmann, both of Thomas, Mamer & Haughey, of Champaign, for appellee.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In February 1996, plaintiff, Louis Wozniak, sued defendant, Thomas F. Conry, for tortious interference with an employment contract. In July 1996, the circuit court dismissed the complaint for lack of jurisdiction. The court ruled that because Conry's conduct arose solely out of conduct related to duties imposed on him by virtue of his job at the University of Illinois (University), a state institution, Wozniak's suit could only be brought in the Court of Claims. 705 ILCS 505/8 (West Supp. 1995). Wozniak appeals, and we affirm.

## I. BACKGROUND

Prior to July 1995, Wozniak was an associate professor in the Department of General Engineering (Department) at the University. In August 1995, Wozniak was reassigned from a teaching position to a position maintaining a website on the World Wide Web for the College of Engineering (College). In February 1996, Wozniak filed a one-count complaint against Conry, the acting Department head, alleging that Conry had tortiously interfered with his employment contract with the University's Board of Trustees (Board).

In his complaint, Wozniak alleged Conry made false accusations about him, knowing they were untrue or acting with reckless disre-

gard for their truth. These accusations included statements that Wozniak had (1) sexually harassed a female employee; (2) deliberately failed to comply with course standards and departmental policy regarding assignments, practice exams, and grade books; and (3) graded capriciously and in violation of University policies and procedures. Wozniak also alleged that Conry falsely told others in the Department that Wozniak was unable to carry out his teaching duties in compliance with professional and ethical standards. Further, Wozniak alleged that Conry told the Department's executive committee members that the Dean of the College had requested the committee's support in removing Wozniak from his assigned responsibilities, knowing this statement to be untrue or acting with reckless disregard for its truth.

Wozniak also alleged that Conry knew of Wozniak's contractual relationship with the Board and had acted with the intent to interfere with this relationship. Wozniak did not allege that a specific provision of his contract had been breached, but alleged that Conry intentionally interfered with his employment relationship, directly and proximately causing him to be removed from his position as associate professor. Wozniak alleged that this removal caused him to suffer emotional distress, humiliation, embarrassment, a loss of sleep and appetite, and a loss of reputation.

In March 1996, Conry filed a motion to dismiss the complaint, contending that the circuit court lacked jurisdiction over Wozniak's claim. Conry argued that Wozniak's claim was, in effect, a claim against the state, which could only be brought in the Court of Claims under section 8 of the Court of Claims Act (Act) (705 ILCS 505/8 (West Supp. 1995)). In the alternative, Conry contended that the court should dismiss the complaint because it failed to state a cause of action for tortious interference with a contractual relationship. Specifically, Conry asserted that Wozniak failed to allege his contract with the Board had been breached by his reassignment.

In May 1996, the circuit court dismissed Wozniak's complaint for lack of jurisdiction without addressing the sufficiency of the pleadings. In its opinion letter, the court based its decision on the fact that Wozniak's charges of negligence arose solely out of duties imposed on Conry by virtue of his job at the University.

In June 1996, Wozniak filed a motion to reconsider. He argued that (1) the only duty Conry breached was the duty imposed on all people, regardless of employment, not to interfere with others' contractual relations; and (2) his claim was based on Conry's intentional conduct, not negligence. In July 1996, the circuit court sent a second opinion letter to counsel, reaffirming its conclusion

that it lacked jurisdiction because Conry's conduct was related to his job duties at the University. In both opinion letters, the court relied on the holdings in *Currie v. Lao*, 148 Ill. 2d 151, 592 N.E.2d 977 (1992), and *Nikelly v. Stubing*, 204 Ill. App. 3d 870, 562 N.E.2d 360 (1990).

## II. ANALYSIS

The issue before us is whether Wozniak's suit against Conry, a supervisor for a state entity, is in reality a suit against the state such that the Court of Claims has exclusive jurisdiction over the action.

The parties disagree on the relevant standard for determining if a suit against a supervisor for a state entity for allegedly tortious statements about an employee's work is effectively a suit against the state. Wozniak contends that his suit is not effectively against the state because Conry's statements regarding him did not arise out of a duty imposed solely by virtue of Conry's employment; instead, those statements arose out of a duty imposed on the general public not to interfere with others' contractual relationships. Conry contends that a suit against a state employee constitutes a suit against the state as long as the employee acted within the scope of his governmental authority when engaging in the conduct giving rise to the suit. See *Robb v. Sutton*, 147 Ill. App. 3d 710, 716, 498 N.E.2d 267, 272 (1986). Accordingly, Conry contends that the circuit court has no jurisdiction in this case because his statements regarding Wozniak were made within the scope of his employment at the University.

■ Section 8 of the Act provides, in pertinent part, as follows:

"The [Court of Claims] shall have exclusive jurisdiction to hear and determine the following matters:

(a) All claims against the [S]tate founded upon any law of the State of Illinois, or upon any regulation thereunder by an executive or administrative officer or agency *** or claims for expenses in civil litigation.

\* \* \*

(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit, and all like claims sounding in tort against *** the [Board] ***." 705 ILCS 505/8(a), (d) (West Supp. 1995).

■ Determining whether an action constitutes a suit against the state turns upon an analysis of the issues involved and the relief sought, rather than the formal designation of the parties. *Healy v. Vaupel*, 133 Ill. 2d 295, 308, 549 N.E.2d 1240, 1247 (1990). In *Currie*, the supreme court specifically held that a state employee is not immunized by sovereign immunity for his own acts of negligence merely

because he was acting within the scope of his employment. *Currie*, 148 Ill. 2d at 158, 592 N.E.2d at 980; see also *Healy*, 133 Ill. 2d at 312-13, 549 N.E.2d at 1249 (finding that a suit was effectively against the state, not an individual coach at a state university, for violation of a duty identical to duties imposed on coaches at private universities), cited with approval in *Currie*, 148 Ill. 2d at 165-66, 592 N.E.2d at 983. Instead, the supreme court concluded that where a state employee, although acting within the scope of his employment, is charged with breaching a duty that arose independently of his state employment, a suit against him will not be shielded by sovereign immunity. *Currie*, 148 Ill. 2d at 159-60, 592 N.E.2d at 980.

Although Conry's statements regarding Wozniak may have been made within the scope of his employment at the University, Wozniak argues nonetheless that they violated a duty imposed on the general public not to interfere with others' contractual relationships. Wozniak asserts that because this duty is not imposed solely because of Conry's employment, the suit was not effectively against the state.

In *Currie*, the supreme court also recognized that a suit against a state employee in his individual capacity constitutes a claim against the state when a judgment for the plaintiff could control the state's actions or subject it to liability. *Currie*, 148 Ill. 2d at 158, 592 N.E.2d at 980. This rule "protects the State from interference in its performance of the functions of government and preserves its control over State coffers." *S.J. Groves & Sons Co. v. State of Illinois*, 93 Ill. 2d 397, 401, 444 N.E.2d 131, 133 (1982), *overruled on other grounds, Rossetti Contracting Co. v. Court of Claims*, 109 Ill. 2d 72, 485 N.E.2d 332 (1985).

A suit against a state employee controls the state's actions when the relief sought would limit the ability of the employee to engage in lawful activity on behalf of the state. See *Management Ass'n of Illinois, Inc. v. Board of Regents of Northern Illinois University*, 248 Ill. App. 3d 599, 609, 618 N.E.2d 694, 701 (1993). The threat of private suits against supervisors for work-related statements about those under their authority clearly would affect the way supervisors communicate, allocate tasks, and make employment decisions. Accordingly, when a supervisor for a state department or entity is sued by an employee for statements regarding the employee's work-related conduct and pending personnel decisions, the suit necessarily threatens to control the actions of the state. It does not matter if, as here, the plaintiff alleges the statements were knowingly false. See *Rembis v. Board of Trustees of the University of Illinois*, 249 Ill. App. 3d 1, 4, 618 N.E.2d 797, 799 (1993) (notwithstanding *dicta* in *Robb* (147 Ill. App. 3d at 714, 498 N.E.2d at 271)). Instead, the relevant in-

quiry is whether the supervisor would be acting within the scope of his duties by making truthful statements of the general type alleged. *Cf. President Lincoln Hotel Venture v. Bank One, Springfield*, 271 Ill. App. 3d 1048, 1057, 649 N.E.2d 432, 438-39 (1994) (focusing on whether individual defendant had authority to take general type of action giving rise to contract claim, not whether action violated contract).

However, this rule—that a suit against a state employee constitutes a suit against the state when a judgment for a plaintiff could control the state's actions—is not without limits. Whenever a state employee performs illegally, unconstitutionally, or without authority, a suit may still be maintained against the employee in his individual capacity and does not constitute an action against the State of Illinois. *Sass v. Kramer*, 72 Ill. 2d 485, 492, 381 N.E.2d 975, 977 (1978); *Village of Riverwoods v. BG Ltd. Partnership*, 276 Ill. App. 3d 720, 725, 658 N.E.2d 1261, 1265-66 (1995).

■ Here, Conry's conduct goes to the *core* of the state's ability to control its own affairs. A state is a purely legal entity that can act only through its agents. See *Local 3236 v. Illinois State Board of Education*, 121 Ill. App. 3d 160, 164-65, 459 N.E.2d 300, 303 (1984). Almost every aspect of every employment relationship with the state manifests itself through the immediate working relationships between co-workers, supervisors, and fellow state agents. Therefore, limiting the actions of state employees acts to control the actions of the state. *Currie*, 148 Ill. 2d at 159-60, 592 N.E.2d at 980.

To allow Wozniak's suit against Conry in his individual capacity clearly would limit Conry's ability to engage in lawful activity on behalf of the University—namely, to communicate, allocate tasks, and make personnel and other employment decisions. Conry's comments, which were within the scope of his employment, related to the employment relationship between Wozniak and the University. One comment concerned the Dean's response to Wozniak's alleged misconduct. The rest of Conry's comments involved Wozniak's performance as a teacher and supervisor. A judgment for Wozniak would directly influence Conry's ability as a state employee to handle departmental personnel issues. Accordingly, this suit threatens to control the actions of the state.

Suits against supervisors of state departments or state agencies for statements they would not be authorized by their position to make—even if the statements were true—are only indirectly related to the employment relationship and are unlikely to control the ac-

tions of the state. See *Robb*, 147 Ill. App. 3d at 715, 498 N.E.2d at 272. This factor distinguishes *Ritchey v. Maksin*, 49 Ill. App. 3d 974, 365 N.E.2d 127 (1977), *rev'd on other grounds*, 71 Ill. 2d 470, 376 N.E.2d 991 (1978), relied on by Wozniak. In that case, the fifth district held that a meat inspector can be sued individually for tortiously initiating false criminal charges and making false public accusations because initiating criminal charges and making public statements were not part of his normal duties. *Ritchey*, 49 Ill. App. 3d at 975, 365 N.E.2d at 128. This factor also distinguishes *Hoffman v. Yack*, 57 Ill. App. 3d 744, 746, 373 N.E.2d 486, 488 (1978), in which the fifth district also held that a suit was not against the state when the defendant supervisor made personal accusations that did not relate solely to the employee's job, and the supervisor also intercepted the employee's mail.

Wozniak urges this court to adopt an alternative rule that would attribute a supervisor's conduct (in making work-related statements) to the state only if the circuit court makes some preliminary evidentiary finding regarding their truthfulness. Because Conry obviously would possess the authority to make the statements giving rise to the suit if they were true, the truthfulness of the statements would then become dispositive of the circuit court's jurisdiction. However, jurisdiction generally does not turn on the merits of the underlying claim. See *People of the State of California v. Western Tire Auto Stores, Inc.*, 32 Ill. 2d 527, 531, 207 N.E.2d 474, 476-77 (1965); 3 R. Michael, Illinois Practice §§ 6.2, 6.5, at 60, 68 (1989). Because courts look only to the complaint to determine if sovereign immunity attaches, we decline to adopt the rule Wozniak urges. *Cf. Christiansen v. Masse*, 279 Ill. App. 3d 162, 169, 664 N.E.2d 314, 319 (1996); *President Lincoln Hotel*, 271 Ill. App. 3d at 1056, 649 N.E.2d at 438.

To summarize our holding, the Court of Claims provides the only forum for a suit against a supervisor of a state department or agency for making statements regarding pending personnel decisions and work-related conduct about an employee under his or her supervision. Such statements are within the scope of the supervisor's duties as a state employee. While acting within the scope of one's employment is not usually enough to satisfy the analysis set forth by the supreme court in *Currie*, it is sufficient in this context, because any limit on such a supervisor's ability to make such statements would necessarily control the actions of the state.

## III. CONCLUSION

For the reasons stated, we affirm the circuit court's dismissal for lack of jurisdiction.

Affirmed.

GARMAN and COOK, JJ., concur.