NO. 4-96-0631

                          IN THE APPELLATE COURT

                                OF ILLINOIS

                              FOURTH DISTRICT

LOUIS WOZNIAK,                          )    Appeal from

          Plaintiff-Appellant,          )    Circuit Court of

          v.                            )    Champaign County

THOMAS F. CONRY,                        )    No. 96L60

          Defendant-Appellee,           )

          and                           )

MICHAEL H. PLECK, LARRY R. FAULKNER,    )

C.K. GUNSALUS, WAYNE J. DAVIS, EDWARD N.)

KUZNETSOV, L. DANIEL METZ, DAVID E.     )

GOLDBERG, JURAJ V. MEDANIC, MARK W.     )

SPONG, WILLIAM R. SCHOWALTER, KEN       )

MURPHY, MICHAEL AIKEN, ROSCOE PERSHING, )

CAROLYN REED, and THE BOARD OF TRUSTEES )    Honorable

OF THE UNIVERSITY OF ILLINOIS,          )    John G. Townsend,

          Respondents in Discovery.     )    Judge Presiding.

_________________________________________________________________

          PRESIDING JUSTICE STEIGMANN delivered the opinion of 

the court:

          In February 1996, plaintiff, Louis Wozniak, sued

defendant, Thomas F. Conry, for tortious interference with an

employment contract.  In July 1996, the circuit court dismissed

the complaint for lack of jurisdiction.  The court ruled that

because Conry's conduct arose solely out of conduct related to

duties imposed on him by virtue of his job at the University of

Illinois (University), a state institution, Wozniak's suit could

only be brought in the Court of Claims.  705 ILCS 505/8 (West

Supp. 1995).  Wozniak appeals, and we affirm.

                              I.  BACKGROUND

          Prior to July 1995, Wozniak was an associate professor

in the Department of General Engineering (Department) at the

University.  In August 1995, Wozniak was reassigned from a

teaching position to a position maintaining a website on the

World Wide Web for the College of Engineering (College).  In

February 1996, Wozniak filed a one-count complaint against Conry,

the acting Department head, alleging that Conry had tortiously

interfered with his employment contract with the University's

Board of Trustees (Board).

          In his complaint, Wozniak alleged Conry made false

accusations about him, knowing they were untrue or acting with

reckless disregard for their truth.  These accusations included

statements that Wozniak had (1) sexually harassed a female

employee; (2) deliberately failed to comply with course standards

and departmental policy regarding assignments, practice exams,

and grade books; and (3) graded capriciously and in violation of

University policies and procedures.  Wozniak also alleged that

Conry falsely told others in the Department that Wozniak was

unable to carry out his teaching duties in compliance with

professional and ethical standards.  Further, Wozniak alleged

that Conry told the Department's executive committee members that

the Dean of the College had requested the committee's support in

removing Wozniak from his assigned responsibilities, knowing this

statement to be untrue or acting with reckless disregard for its

truth.

          Wozniak also alleged that Conry knew of Wozniak's con-

tractual relationship with the Board and had acted with the

intent to interfere with this relationship.  Wozniak did not

allege that a specific provision of his contract had been

breached, but alleged that Conry intentionally interfered with

his employment relationship, directly and proximately causing him

to be removed from his position as associate professor.  Wozniak

alleged that this removal caused him to suffer emotional dis-

tress, humiliation, embarrassment, a loss of sleep and appetite,

and a loss of reputation.  

          In March 1996, Conry filed a motion to dismiss the

complaint, contending that the circuit court lacked jurisdiction

over Wozniak's claim.  Conry argued that Wozniak's claim was, in

effect, a claim against the state, which could only be brought in

the Court of Claims under section 8 of the Court of Claims Act

(Act) (705 ILCS 505/8 (West Supp. 1995)).  In the alternative,

Conry contended that the court should dismiss the complaint

because it failed to state a cause of action for tortious inter-

ference with a contractual relationship.  Specifically, Conry

asserted that Wozniak failed to allege his contract with the

Board had been breached by his reassignment.

          In May 1996, the circuit court dismissed Wozniak's

complaint for lack of jurisdiction without addressing the suffi-

ciency of the pleadings.  In its opinion letter, the court based

its decision on the fact that Wozniak's charges of negligence

arose solely out of duties imposed on Conry by virtue of his job

at the University.

          In June 1996, Wozniak filed a motion to reconsider.  He

argued that (1) the only duty Conry breached was the duty imposed

on all people, regardless of employment, not to interfere with

others' contractual relations; and (2) his claim was based on

Conry's intentional conduct, not negligence.  In July 1996, the

circuit court sent a second opinion letter to counsel, reaf-

firming its conclusion that it lacked jurisdiction because

Conry's conduct was related to his job duties at the University. 

In both opinion letters, the court relied on the holdings in

Currie v. Lao, 148 Ill. 2d 151, 592 N.E.2d 977 (1992), and

Nikelly v. Stubing, 204 Ill. App. 3d 870, 562 N.E.2d 360 (1990).

                               II. ANALYSIS

          The issue before us is whether Wozniak's suit against

Conry, a supervisor for a state entity, is in reality a suit

against the state such that the Court of Claims has exclusive

jurisdiction over the action.

          The parties disagree on the relevant standard for

determining if a suit against a supervisor for a state entity for

allegedly tortious statements about an employee's work is effec-

tively a suit against the state.  Wozniak contends that his suit

is not effectively against the state because Conry's statements

regarding him did not arise out of a duty imposed solely by

virtue of Conry's employment; instead, those statements arose out

of a duty imposed on the general public not to interfere with

others' contractual relationships.  Conry contends that a suit

against a state employee constitutes a suit against the state as

long as the employee acted within the scope of his governmental

authority when engaging in the conduct giving rise to the suit. 

See Robb v. Sutton, 147 Ill. App. 3d 710, 716, 498 N.E.2d 267,

272 (1986).  Accordingly, Conry contends that the circuit court

has no jurisdiction in this case because his statements regarding

Wozniak were made within the scope of his employment at the

University.  

          Section 8 of the Act provides, in pertinent part, as

follows:

               "The [Court of Claims] shall have exclu-

          sive jurisdiction to hear and determine the

          following matters:  

               (a)  All claims against the [S]tate

          founded upon any law of the State of Illi-

          nois, or upon any regulation thereunder by an

          executive or administrative officer or agency

          *** or claims for expenses in civil litiga-

          tion.

                                   * * *

               (d)  All claims against the State for

          damages in cases sounding in tort, if a like

          cause of action would lie against a private

          person or corporation in a civil suit, and

          all like claims sounding in tort against ***

          the [Board] ***."  705 ILCS 505/8(a),(d)

          (West Supp. 1995).

          Determining whether an action constitutes a suit

against the state turns upon an analysis of the issues involved

and the relief sought, rather than the formal designation of the

parties.  Healy v. Vaupel, 133 Ill. 2d 295, 308, 549 N.E.2d 1240,

1247 (1990).  In Currie, the supreme court specifically held that

a state employee is not immunized by sovereign immunity for his

own acts of negligence merely because he was acting within the

scope of his employment.  Currie, 148 Ill. 2d at 158, 592 N.E.2d

at 980; see also Healy, 133 Ill. 2d at 312-13, 549 N.E.2d at 1249

(finding that a suit was effectively against the state, not an

individual coach at a state university, for violation of a duty

identical to duties imposed on coaches at private universities),

cited with approval in Currie, 148 Ill. 2d at 165-66, 592 N.E.2d

at 983.  Instead, the supreme court concluded that where a state

employee, although acting within the scope of his employment, is

charged with breaching a duty that arose independently of his

state employment, a suit against him will not be shielded by

sovereign immunity.  Currie, 148 Ill. 2d at 159-60, 592 N.E.2d at

980.

          Although Conry's statements regarding Wozniak may have

been made within the scope of his employment at the University,

Wozniak argues nonetheless that they violated a duty imposed on

the general public not to interfere with others' contractual

relationships.  Wozniak asserts that because this duty is not

imposed solely because of Conry's employment, the suit was not

effectively against the state.

          In Currie, the supreme court also recognized that a

suit against a state employee in his individual capacity consti-

tutes a claim against the state when a judgment for the plaintiff

could control the state's actions or subject it to liability. 

Currie, 148 Ill. 2d at 158, 592 N.E.2d at 980.  This rule "pro-

tects the State from interference in its performance of the

functions of government and preserves its control over State

coffers."  S.J. Groves & Sons Co. v. State of Illinois, 93 Ill.

2d 397, 401, 444 N.E.2d 131, 133 (1982), overruled on other

grounds, Rossetti Contracting Co. v. Court of Claims, 109 Ill. 2d

72, 485 N.E.2d 332 (1985).

          A suit against a state employee controls the state's

actions when the relief sought would limit the ability of the

employee to engage in lawful activity on behalf of the state. 

See Management Ass'n of Illinois, Inc. v. Board of Regents of

Northern Illinois University, 248 Ill. App. 3d 599, 609, 618

N.E.2d 694, 701 (1993).  The threat of private suits against

supervisors for work-related statements about those under their

authority clearly would affect the way supervisors communicate,

allocate tasks, and make employment decisions.  Accordingly, when

a supervisor for a state department or entity is sued by an

employee for statements regarding the employee's work-related

conduct and pending personnel decisions, the suit necessarily

threatens to control the actions of the state.  It does not

matter if, as here, the plaintiff alleges the statements were

knowingly false.  See Rembis v. Board of Trustees of the Univer-

sity of Illinois, 249 Ill. App. 3d 1, 4, 618 N.E.2d 797, 799

(1993) (notwithstanding dicta in Robb (147 Ill. App. 3d at 714,

498 N.E.2d at 271)).  Instead, the relevant inquiry is whether

the supervisor would be acting within the scope of his duties by

making truthful statements of the general type alleged.  Cf.

President Lincoln Hotel Venture v. Bank One, Springfield, 271

Ill. App. 3d 1048, 1057, 649 N.E.2d 432, 438-39 (1994) (focusing

on whether individual defendant had authority to take general

type of action giving rise to contract claim, not whether action

violated contract).  

          However, this rule--that a suit against a state employ-

ee constitutes a suit against the state when a judgment for a

plaintiff could control the state's actions--is not without

limits.  Whenever a state employee performs illegally, unconsti-

tutionally, or without authority, a suit may still be maintained

against the employee in his individual capacity and does not

constitute an action against the State of Illinois.  Sass v.

Kramer, 72 Ill. 2d 485, 492, 381 N.E.2d 975, 977 (1978); Village

of Riverwoods v. BG Ltd Partnership., 276 Ill. App. 3d 720, 725,

658 N.E.2d 1261, 1265-66 (1995).  

          Here, Conry's conduct goes to the core of the state's

ability to control its own affairs.  A state is a purely legal

entity that can act only through its agents.  See Local 3236 v.

Illinois State Board of Education, 121 Ill. App. 3d 160, 164-65,

459 N.E.2d 300, 303 (1984).  Almost every aspect of every employ-

ment relationship with the state manifests itself through the

immediate working relationships between co-workers, supervisors,

and fellow state agents.  Therefore, limiting the actions of

state employees acts to control the actions of the state. 

Currie, 148 Ill. 2d at 159-60, 592 N.E.2d at 980.  

          To allow Wozniak's suit against Conry in his individual

capacity clearly would limit Conry's ability to engage in lawful

activity on behalf of the University--namely, to communicate,

allocate tasks, and make personnel and other employment deci-

sions.  Conry's comments, which were within the scope of his

employment, related to the employment relationship between

Wozniak and the University.  One comment concerned the Dean's

response to Wozniak's alleged misconduct.  The rest of Conry's

comments involved Wozniak's performance as a teacher and supervi-

sor.  A judgment for Wozniak would directly influence Conry's

ability as a state employee to handle departmental personnel

issues.  Accordingly, this suit threatens to control the actions

of the state.  

          Suits against supervisors of state departments or state

agencies for statements they would not be authorized by their

position to make--even if the statements were true--are only

indirectly related to the employment relationship and are unlike-

ly to control the actions of the state.  See Robb, 147 Ill. App.

3d at 715, 498 N.E.2d at 272.  This factor distinguishes Ritchey

v. Maksin, 49 Ill. App. 3d 974, 365 N.E.2d 127 (1977), rev'd on

other grounds, 71 Ill. 2d 470, 376 N.E.2d 991 (1978), relied on

by Wozniak.  In that case, the fifth district held that a meat

inspector can be sued individually for tortiously initiating

false criminal charges and making false public accusations

because initiating criminal charges and making public statements

were not part of his normal duties.  Ritchey, 49 Ill. App. 3d at

975, 365 N.E.2d at 128.  This factor also distinguishes Hoffman

v. Yack, 57 Ill. App. 3d 744, 746, 373 N.E.2d 486, 488 (1978), in

which the fifth district also held that a suit was not against

the state when the defendant supervisor made personal accusations

that did not relate solely to the employee's job, and the super-

visor also intercepted the employee's mail.

          Wozniak urges this court to adopt an alternative rule

that would attribute a supervisor's conduct (in making work-

related statements) to the State only if the circuit court makes

some preliminary evidentiary finding regarding their truthful-

ness.  Because Conry obviously would possess the authority to

make the statements giving rise to the suit if they were true,

the truthfulness of the statements would then become dispositive

of the circuit court's jurisdiction.  However, jurisdiction

generally does not turn on the merits of the underlying claim. 

See People of the State of California v. Western Tire Auto

Stores, Inc., 32 Ill. 2d 527, 531, 207 N.E.2d 474, 476-77 (1965);

3 R. Michael, Illinois Practice §§6.2, 6.5, at 60, 68 (1989). 

Because courts look only to the complaint to determine if sover-

eign immunity attaches, we decline to adopt the rule Wozniak

urges.  Cf. Christiansen v. Masse, 279 Ill. App. 3d 162, 169, 664

N.E.2d 314, 319 (1996); President Lincoln Hotel, 271 Ill. App. 3d

at 1056, 649 N.E.2d at 438.

          To summarize our holding, the Court of Claims provides

the only forum for a suit against a supervisor of a state depart-

ment or agency for making statements regarding pending personnel

decisions and work-related conduct about an employee under his or

her supervision.  Such statements are within the scope of the

supervisor's duties as a state employee.  While acting within the

scope of one's employment is not usually enough to satisfy the

analysis set forth by the supreme court in Currie, it is suffi-

cient in this context, because any limit on such a supervisor's

ability to make such statements would necessarily control the

actions of the state.

                             III.  CONCLUSION

          For the reasons stated, we affirm the circuit court's

dismissal for lack of jurisdiction.

          Affirmed.

          GARMAN and COOK, JJ., concur.