**LONDON GUARANTEE & ACCIDENT CO., Limited, v. SHAFER et al.**

No. 1224.

District Court, S. D. Ohio, E. D.

Oct. 7, 1940.

648

Ingalls & Warnick, of Columbus, Ohio, for London Guarantee & Accident Co.

B. B. Bridge, of Columbus, Ohio, for State Automobile Mut. Ins. Co.

Joseph F. Hogan, of Columbus, Ohio, for Lester L. Clymer.

Clyde C. Beery and B. G. Watson, both of Columbus, Ohio, for Minnie Shafer.

UNDERWOOD, District Judge.

This is an action for a declaratory judgment which has been submitted to the court upon the pleadings, stipulated testimony, briefs, and arguments of counsel. A jury trial was waived as to any issue which might be triable to that body, and the court is to determine all the issues in the case.

Two accidents occurred on U. S. Route 30 South, near Delphos, in Allen County, Ohio, on the second and fourth of July, 1936, at approximately the same place and under the same conditions. In the first accident, Loma Scott suffered injuries which resulted in her death, and in the second accident, Minnie Shafer was injured. Actions were instituted against the defendant, Lester L. Clymer, in both cases, alleging that the accidents were caused by his negligent operations in building a new section of U. S. Route 30 South. Upon trial of the Scott case the jury disagreed, and Clymer settled the case for $2,000, expending $975.41 in defending the suit, which the parties have agreed is a reasonable sum for that purpose. Since the institution of this action, the appeal in the Shafer case has been determined in favor of the plaintiff therein, and Clymer has paid the judgment and expenses incurred, in the amount of $4,195.65, which the parties have agreed is a reasonable sum, excepting $1,000 for Clymer's attorney's fee. Minnie Shafer no longer has any interest in these proceedings, since her judgment against Clymer has been paid, and she should be dismissed from this action.

The plaintiff insured the defendant Clymer for public liability on this contract job, excepting liability for motor vehicles; and the defendant, the State Automobile Mutual Insurance Company, insured Clymer against liability caused by motor vehicles used by him in this construction work. Both insurance companies disclaimed liability for these accidents and refused to defend the actions against Clymer. Each insurance company claims that the other is liable, and this action was commenced praying for a declaration of the rights and liabilities of the parties. The defendant Clymer contends that one or both of the insurance companies are liable to him for failure to defend the actions brought against him and that he is entitled to recover his costs and expenses in defending the actions, together with the sums paid in satisfaction of the judgment and claim.

Plaintiff's policy covered injuries and death to third parties incurred as a result of the prosecution of the construction of said highway. It specifically excluded lia-

bility for injuries caused by reason of the existence, maintenance or use of any motor vehicle except while within or upon the premises owned or leased by the insured. The policy of the defendant company covered injuries arising out of the ownership, maintenance or use of the trucks, which, for the purposes stated, included the loading and unloading thereof.

The plaintiff and defendant insurance companies maintain that the court in this action must determine the proximate cause of the accidents in order to ascertain which company is liable to the defendant Clymer. However, the court is of the opinion that their liability to Clymer for his costs and expenses in defending the actions brought against him, may rest upon their refusal to defend.

Therefore, the first question to be determined is: "What is the extent of the duty of the insurer to defend the insured?"

In its policy, the plaintiff agreed "To defend * * * any claim or suit against the Assured, even if groundless, to recover damages on account of such injuries." The defendant company agreed to "defend * * * any suit against the Insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent".

The obligation to defend is to be determined when the action is brought, and not by the outcome of the action. Couch, Insurance, § 1175 (e), p. 4189. The language of the insurance contract must first be construed and next, the allegations of the complaint in the action against the insured. Where the obligation is to defend the action whether the action is groundless or not, the insurer is liable for failure to defend an action in which the complaint shows a claim for damages covered by the policy. Bloom-Rosenblum-Kline Co. v. Union Indemnity Co., 121 Ohio St. 220, 167 N.E. 884; Lamb v. Belt Casualty Co., 3 Cal.App.2d 624, 40 P.2d 311.

The petitions in the Scott and Shafer cases stated claims which were covered by both policies. Each petition alleges in substance that Clymer was careless and negligent in overloading and permitting dirt to drop off the truck; in failing to remove the dirt from the highway, and in failing to warn the traveling public of the condition of the road. The alleged ground of negligence in connection with the use of the trucks is within the terms of the defendant company's policy and the other grounds of negligence are covered by the plaintiff company's policy. Both insurance companies breached the contract to defend in their respective policies and they must respond in damages to the defendant Clymer to the extent of his costs and expenses incurred in such defense.

However, the defendant, State Automobile Mutual Insurance Company, disclaims liability in the Scott case for the further reason that it was not notified of the accident as required by the policy. The accident occurred on July 2, 1936, and notice was not given to the defendant company until November 10, 1936. On January 28, 1937, the State Mutual notified the insured that no accidents occurring on the highway near Delphos, Allen County, Ohio, were covered by its policies.

The policy of the defendant company provided that upon occurrence of an accident, written notice should be given to the company by its insured as soon as practicable. Such clauses in insurance contracts are interpreted to mean that notice must be given within a reasonable time. Employers' Liability Assurance Corp. v. Roehm, 99 Ohio St. 343, 124 N.E. 223, 7 A.L.R. 182. Whether notice was given within a reasonable time depends upon all the facts and circumstances of the particular case, and if the insured acts as a reasonable prudent man in determining that no claim will arise under the policy, failure to give notice until such a claim is asserted does not breach the notice condition of the policy. Farrell v. Nebraska Indemnity Co., 183 Minn. 65, 235 N.W. 612; See Employers' Liability Assurance Corp. v. Roehm, supra. In such case whether notice was given within a reasonable time is a jury question.

The insured notified the plaintiff company the next day after the accident happened. He did not notify the defendant company at that time, since he did not believe that the policy of the defendant company was involved.

The accident occurred about 9:30 P. M. during the night of July 2, 1936, as the result of the slippery condition of the road at the point of the accident. None of the insured's trucks were in the road when the accident happened. After the in-

650

sured learned that the defendant's policy might be involved, he did notify the defendant of the claim. The court holds, as a finding of fact, that under the facts and circumstances of this case, notice was given within a reasonable time.

Since both the plaintiff and defendant companies breached their duty to defend, they are both liable for the costs and expenses incurred by the insured in defense of the two actions. Bloom-Rosenblum-Kline Co. v. Union Indemnity Co., supra.

The parties have agreed that all expenses incurred in both actions were reasonable, excepting the fee of the insured's attorney in the Shafer case. The insured's attorney has submitted his testimony as to the reasonableness of his fee. No other evidence has been submitted on that subject. He defended the suit in the common pleas court, and prosecuted appeals both to the Court of Appeals and to the Supreme Court of Ohio. The fee of $1,000 appears to be reasonable and the companies are liable for that amount.

Considering now the liability of the respective insurance companies for the amount paid by the insured in satisfaction of the claim and judgment, the court finds from the record and the evidence herein, that the proximate cause of both of said accidents was the negligence of the defendant Clymer, in the respects alleged in the petitions filed against him. That Clymer's negligence, as specified in said petitions, wholly and inseparably, constitutes the proximate cause of said accidents and the resulting injuries. That by reason thereof, both companies are liable to the insured for the damages paid for such injuries.

It is therefore the conclusion of the court, that the plaintiff, London Guarantee & Accident Company, Ltd., and the defendant, the State Automobile Mutual Insurance Company, are jointly and severally liable to the defendant Lester L. Clymer, for the sum of $7,171.06; that being the total amount of the settlement, judgment and all expenses.

That by the terms of the policies, each company, plaintiff and defendant, is entitled to contribution from the other for one-half of the above amount.

Separate amended findings of fact and conclusions of law are filed herewith.

Entry accordingly.