GENERAL INSURANCE COMPANY,
a corporation, Plaintiff,

v.

GILLIAM COUNTY HIGH SCHOOL DIS-
TRICT and Denise G. Duus,
Defendants.

Civ. No. 63–430.

United States District Court
D. Oregon.

June 23, 1964.

Kenneth E. Roberts, of Mautz, South-er, Spaulding, Kinsey & Williamson, Portland, Or., for plaintiff.

M. D. Van Valkenburgh, of Heisler & Van Valkenburgh, The Dalles, Or., for defendant Gilliam County High School Dist. Roger L. Dick, of Dick & Dick, The Dalles, Or., for defendant Denise G. Duus.

KILKENNY, District Judge.

Plaintiff seeks a declaration of this court as to whether plaintiff is obligated to appear and defend a certain action now pending in the state court of Oregon under a policy of liability insurance is-sued by plaintiff to the defendant, Gilliam County High School District, and for a further declaration as to whether plain-tiff is liable under said policy for certain alleged acts and omissions of defendant District.

Effective as of October 9, 1958, for a term of three years, plaintiff issued its blanket public liability insurance policy to defendant District, said policy insur-ing against liability for claims arising out of damage because of bodily injury

and destruction of property in the amount set forth in said policy. Thereafter, defendant, Duus, filed an action in the Circuit Court of the State of Oregon for Gilliam County, wherein said defendant alleges that on July 4, 1961, she was attending a baseball game on an athletic field owned by the District in Condon, Oregon, and was injured as a result of the collapse of certain bleachers on which she was seated. She seeks recovery of money damages from the District, as a result of alleged injuries received in said collapse.

The policy in question provided, among other things, as follows:

"6. *Notice of Occurrence, Claim or Suit:* Upon the occurrence of bodily injury, sickness, disease or death, or injury or destruction of property, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Said notice shall contain certain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of such occurrence, the name and address of the injured and of any available witnesses * * *".

"III. (a) To defend in his name and behalf any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof * * *."

Plaintiff contends that the District, through its agents and employees, knew or should have known of the alleged occurrence involving Duus and that it had such knowledge on the date of the accident, or shortly thereafter, and that having such knowledge the defendant District failed to give written or any notice to the plaintiff, or to any of plaintiff's authorized agents, of said occurrence in accordance with the terms of the insurance policy and did not give such notice until on or about February 12, 1963, more than seventeen months after the occurrence. Plaintiff claims that the

policy is void by reason of defendant District's failure to give proper notice of the occurrence.

On the other hand, defendants contend that the District did not have notice of the alleged occurrence nor should it have known of the injury or the claim of defendant, Duus, until at or about the time of the filing of the action in the state court, at which time the plaintiff was duly notified. Defendants further contend that plaintiff made and filed a general appearance on behalf of the District in defense of the state action and voluntarily entered into and defended the said District thus far in said action and that by reason thereof it has waived its right to claim a defense under the notice clause in said policy.

It is clear that Mr. Brown, the principal of Gilliam County High School, and Mr. Wilson, one of the school board members, were present at the time the bleachers collapsed. The section of bleachers was approximately eight or nine feet in height and twelve or fourteen feet in width. At the time, Mr. Wilson noticed the bleachers going sideways and rather slowly settle to the ground. He then investigated and did not find anyone that was injured. Mr. Brown also investigated to see if anyone was trapped in the bleachers. He heard that a woman had been taken aside, but he felt there was no injury of any consequence. Mr. Chambers, the school property custodian, who was present, said that he observed no one who was injured in the collapse. Mr. Brown reported the collapse of the bleachers at the next school board meeting, which was probably in July or in August and told Mr. Pattee, Chairman of the Board, that someone went to Doctor Thomas' office after the collapse, but that Doctor Thomas had advised that no one was hurt. The other school board members testified that the collapse of the bleachers was discussed at the next school board meeting, but that it was reported to them, by the principal, that there were no injuries. There is evidence that Mrs. Duus was surrounded by a group of

people shortly after the collapse and that she was taken from the field to Doctor Thomas' office, where he gave her a "shot" and dismissed her. She was not carried from the field.

■■ It is my view, and finding, that the overwhelming weight of the evidence supports the view that the District neither knew, nor had reasonable grounds to believe, that Mrs. Duus, or anyone else, received injuries of any consequence in the collapse. Although the language of the policy is positive in its language requiring the insured to give notice immediately after the accident, such a provision has been construed to mean that the insured must give notice on becoming apprised of the occurrence or at such time that he has received sufficient information to place a reasonable person on notice of the fact that there has been an occurrence within the meaning of the policy. Hoffman v. Employer's Liability Corporation, 146 Or. 66, 80, 29 P.2d 557. Where the information as to the happening of an accident is indefinite and uncertain, the question of whether such information constitutes notice to an assured that an accident has occurred is a question of fact, rather than a question of law. Hoffman v. Employer's Liability Corporation, supra, 146 Or. p. 82, 29 P.2d 557.

■ Delay in giving notice is excusable in case of an occurrence which seems to be trivial and results in no apparent harm, or which furnishes no grounds for the insured, acting as a reasonable and prudent person, to believe at the time that a claim for damage will arise. Burbank v. National Casualty Co., 43 Cal.App.2d 773, 111 P. 2d 740; Star Transfer Co. v. Underwriters at Lloyds of London, 323 Ill.App. 90, 55 N.E.2d 109; London Guarantee & Accident Co. v. Shafer, 35 F.Supp. 647 (S.D.Ohio, 1940); Phoenix Indemnity Co. v. Anderson's Groves, Inc., 176 F. 2d 246 (5th Cir. 1949).

■ Otherwise stated, it is not every mishap or occurrence that the assured, under such a policy of liability insurance, must regard as an accident of which immediate notice should be given to the insurance company, even though hindsight, rather than foresight, may discover an injury of a serious nature. Melcher v. Ocean Accident & Guarantee Corp., 226 N.Y. 51, 123 N.E. 81, 82; Baker v. Metropolitan Casualty Insurance Co., 118 Conn. 147, 171 A. 7.

The trend of the Oregon court being forecast in Hoffman v. Employers Liability Insurance Corp., supra, I have no trouble in stating that such court, if faced with the problem here presented, would follow the rule of liberality in favor of the insured as above stated in the New York, Connecticut, Michigan and Fifth Circuit cases.

The factual backgrounds in Johnson v. Universal Underwriters, Inc., 283 F. 2d 316 (7th Cir. 1960); Hartford Accident & Indemnity Co. v. Lochmandy Buick Sales, Inc., 302 F.2d 565 (7th Cir. 1962) and Dunn v. Travelers Indemnity Co., 123 F.2d 710 (5th Cir. 1941), differ from that here presented, to such an extent, that a detailed analysis of those cases is not indicated. Suffice to say, the trial court on the facts in each of these cases, held against the insured on the vital issue of knowledge of the occurrence.

I find that the collapse of the bleachers, at the time, appeared to be trivial in nature and that no one appeared to be injured. The District at that time, had no reason to believe that a claim for damage would arise.

On the facts and law as I find them, the plaintiff has a duty to appear and defend the action now pending in the Circuit Court of the State of Oregon for Gilliam County in which defendant, Duus, is plaintiff and the District is defendant, and that the plaintiff is liable under the terms, provisions and conditions of the insurance policy in question for the alleged acts and omissions of defendant District as charged in the action now pending in said court.

■ A factor that should be mentioned, although I do not believe it to

be of any particular significance, is that there is liability on the defendant District only to the extent of the coverage of the policy. Beyond that, the sovereign immunity of the District would intervene. Vendrell v. School District No. 26C, et al., 226 Or. 263, 360 P.2d 282.

I do not reach the question of waiver or estoppel.

This opinion and the admitted facts in the pre-trial order shall serve as my findings, both of law and of fact.

An appropriate declaratory judgment shall be entered.