G. H. Sternberg & Co., Plaintiff-Appellee, *v.* Langhorne Bond, Director of the Department of Transportation, Defendant-Appellant.—(General Insurance Company of America, Defendant.)

(No. 74-389; ▮▮▮▮▮)

Fifth District—June 24, 1975.

*Rehearing denied September 12, 1975.*

William J. Scott, Attorney General, of Chicago (Jerrald B. Abrams, Assistant Attorney General, of counsel), for appellant.

Dailey & Walker, of Granite City, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an interlocutory appeal from an order of the Circuit Court of Madison County temporarily enjoining defendant-appellant Langhorne Bond from enforcing contract rights against plaintiff-appellee under a construction contract entered into between plaintiff and the State. The order also enjoined defendant from seeking to enforce rights under a performance bond issued by the General Insurance Company of America. General was named a party defendant and was enjoined from perform-

ing duties and obligations it incurred on the bond. Defendant Bond is the Director of the Department of Transportation of the State of Illinois. The suit was originally brought against William F. Cellini, Bond's predecessor. Bond was substituted as a party defendant and a temporary injunction was issued after ex parte proceedings. This court reversed, holding that the injunction against Bond was void for lack of notice but commented on the probable unavailability of equitable relief on the facts alleged in the complaint. (*Sternberg v. Cellini*, 16 Ill.App.3d 1, 305 N.E. 2d 317 (1973).) The underlying facts of this litigation are contained in that opinion and need not be repeated here. On remand, plaintiff stood on its complaint, unamended, which charged that fraud and misrepresentation by Cellini occurred in the procurement of the contract and that the contract was impossible of performance. Defendant Bond stood on a motion to strike previously filed and a motion to reconsider the order denying that motion. Both motions alleged lack of jurisdiction in the circuit court. A hearing was held on the prayer for a temporary injunction but defendant refused to take part although counsel for defendant was present. The court denied the motion to reconsider and entered the temporary injunction. Defendant now appeals pursuant to Supreme Court Rule 307. Ill. Rev. Stat. 1973, ch. 110A, par. 307.

Plaintiff-appellee argues in its brief that the appeal should be dismissed for want of an appealable order. In our earlier opinion in this case, we noted that a motion to reconsider defendant's motion to strike and dismiss the complaint for an injunction was still pending and ruled solely on the issuance of the injunction without notice to Langhorne Bond, successor to Cellini. On remand, a hearing on the injunction was held. Defendant, however, elected to stand on his motion to reconsider the denial of his motion to dismiss and took no part in the injunction hearing, nor challenged the sufficiency of the complaint to support injunctive relief. Thus, appellee argues, defendant cannot be heard to complain of the issuance of the injunction. The appeal, according to appellee, is from the denial of the motion to reconsider (included in the order granting the injunction) and is not appealable under Rule 307. (Ill. Rev. Stat. 1973, ch. 110A, par. 307.) We note first that the notice of appeal specifies for review both the denial of the motion to reconsider and the issuance of the injunction. But appellee's argument contains some merit. Defendant's motion to strike raises the question of sovereign immunity. The motion to reconsider realleges immunity and adds as grounds the exclusive jurisdiction of the Court of Claims over the dispute in question. Nowhere in the record does defendant challenge the complaint for injunctive and equitable relief on the merits. Thus, if injunctive relief is a proper avenue of redress for plaintiff, defendant cannot now be

heard to complain that an injunction should not issue on the merits of plaintiff's claim. Defendant did, however, at all times preserve the question of the jurisdiction of the circuit court. And it is upon that issue that we dispose of the case.

Appellant alleges that the action is in fact a suit against the State of Illinois and, as such, must be brought in the Illinois Court of Claims or not at all. Thus, appellant argues that the circuit court is devoid of jurisdiction. Plaintiff alleges that the suit is based on the fraud of William E. Cellini, former Director of the Department of Public Works and Buildings, in the procurement of the contract and that an injunction against his successor, Langhorne Bond, may properly issue from the circuit court.

The Illinois Constitution of 1870, article IV, section 26, provided: "The State of Illinois shall never be made defendant in any court of law or equity." The new constitution altered that section to read: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." (Ill. Const. art. XIII, § 4 (1970).) "AN ACT in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1973, ch. 127, par. 801), provides: "Except as provided in 'AN ACT to create the Court of Claims * * *', filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court." The Court of Claims Act provides several instances wherein the State may be sued. (Ill. Rev. Stat. 1973, ch. 37, par. 439.8.) For our purposes, only one is material. Subsection (b) of section 8 (par. 439.8) provides that the Court of Claims shall have "exclusive jurisdiction" to hear "all claims against the State founded upon any contract entered into with the State of Illinois."

Plaintiff's complaint alleges fraud and misrepresentation against William Cellini in the procurement of the contract and that the contract is impossible of performance. This court stated in the earlier opinion that the allegations were but mere conclusions. On remand, plaintiff did not seek to amend the original complaint. We still believe that the pleadings state nothing but conclusions of law without sufficient facts to afford relief. At the hearing on the injunction, plaintiff's two witnesses attempted to establish irreparable injury in that forfeiture of its performance bond would make future contract bidding on State contracts difficult if not impossible. Neither witness provided any evidence of fraud, and plaintiff's general superintendent testified that two other methods, albeit more expensive, were available to complete the work in question here. Thus, there was evidence neither of fraud nor impossibility.

■■ The supreme court has consistently held that whether a cause of action is barred by sovereign immunity is not to be determined solely by

identification of the formal parties in the record but depends upon the issues presented and the relief sought. (*Moline Tool Co. v. Department of Revenue*, 410 Ill. 35, 101 N.E.2d 71 (1951); *Monroe v. Collins*, 393 Ill. 553, 66 N.E.2d 670, (1946); *E. H. Swenson & Son, Inc. v. Lorenz*, 36 Ill.2d 382, 223 N.E.2d 147 (1967).) In *Struve v. Department of Conservation*, 14 Ill.App.3d 1092, 303 N.E.2d 32 (1973), plaintiff filed suit against the Department and its director asking for a determination of her rights under a lease entered into with the State and for an injunction prohibiting her eviction by the State. The court held that the circuit court was without jurisdiction to entertain the suit. The court stated:

> "A suit brought against an officer or agency with relation to some matter in which defendant represents the state in action and liability, and the state while not a party to the record is the real party against which relief is sought, so that a judgment or decree for plaintiff, although nominally against the named defendant as an individual distinct from the state, could operate to control the action of the state or subject it to liability, is in effect, a suit against the state. (*Schwing v. Miles*, 367 Ill. 436, 11 N.E.2d 944.)" (14 Ill.App.3d 1092, 1093-94, 303 N.E.2d 32, 34.)

The *Struve* case was based on the Constitution of 1870. However, we believe that the immunity statute (Ill. Rev. Stat. 1973, ch. 127, par. 801), enacted after the adoption of the Constitution of 1970, renders the language quoted no less applicable. In the instant case, it is clear that plaintiff did not seek to control only the action of the individual alleged to have acted fraudulently. Cellini was replaced by his successor, Bond, in the suit with no allegation of wrongful acts by Bond. In addition, plaintiff complained of a letter sent to plaintiff after the issuance of the initial injunction which threatened forfeiture of the performance bond. The letter was signed by Roger Nusbaum, Acting Chief Transportation Engineer of the Department of Transportation. It was clearly the intent of plaintiff to enjoin any and all members of State government from taking action on the bond. Plaintiff argues that the suit was based on the wrongful acts of Cellini and that since the State cannot be presumed to have committed a wrongful act (*People ex rel. First National Bank v. Kingery*, 369 Ill. 289, 16 N.E.2d 761 (1938)), the action must be presumed to be one against the person and not the State. But plaintiff's suit attempted to bind the State and asked no relief from Cellini or Bond personally. We hold that the action was brought against the State of Illinois other than as allowed by the immunity statute (Ill. Rev. Stat. 1973, ch. 127, par. 801), and that the circuit court was without jurisdiction to entertain the suit or issue the injunction.

■■ The holding does not mean that plaintiff, if wronged, is not without

878

remedy. Plaintiff may avail itself of any remedy provided in the Court of Claims. (*Allen v. State*, 2 Ill.Ct.Cl. 404 (1915); *New Era Construction Co. v. State*, 136 Ill.Ct.Cl. 88 (1928); *Fuhrer v. State*, 22 Ill.Ct.Cl. 144 (1955).) It is clear that the jurisdiction of the Court of Claims is not limited to money "claims," and that one may pursue remedies in the Court of Claims other than for the recovery of a sum of money. Plaintiff can also raise any fraud as a defense in any action by the State or the insurance company on the bond.

The order of the Circuit Court of Madison County is reversed, the injunction dissolved, and the case is dismissed for want of jurisdiction.

JONES, P. J., and G. MORAN, J., concur.