(No. 77-CC-0860 

HARTFORD ACCIDENT & INDEMNITY COMPANY, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1978.*

CHARLES W. HENDRIX, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant, Hartford Accident & Indemnity Company, is an insurance corporation which is authorized to transact insurance business in the State of Illinois. Claimant issued a certain liability insurance policy to the State of Illinois, Department of Transportation, which provided in general for liability insurance coverage for the State of Illinois, Department of Transportation, arising out of the negligence of the Department or its employees. A copy of the casualty insurance policy has been submitted by Claimant in partial support of the complaint filed herein.

While the insurance policy was in effect, and specifically on April 9, 1974, Daniel Hodge was involved in an automobile accident upon State Highway #10 just west of Route One in the State of Illinois. As a result of this accident, Hodge allegedly suffered injury, for which he filed a complaint against the State of Illinois in the Court of Claims. Hodge had given notice of personal injury to the State of Illinois in June of 1974, and had attached a copy of that notice to his complaint filed November 24, 1975, with the Court of Claims.

Hartford Accident and Indemnity Company was not notified of the claim of Hodge until March 15, 1977. The notification received by Hartford Accident and Indemnity Company was approximately two years and nine months after the first notice given to the Department of Transportation, and approximately one year and four months after the filing of the complaint in the Court of Claims. At the time the notice was given

to Hartford Accident and Indemnity Company, the complaint by Hodge was set for hearing before the Court of Claims Commissioner to whom the file had been assigned.

The policy of insurance in question provided in pertinent part that the insured shall notify the insurer in the event of an occurrence as soon as practicable; further, it was provided in said policy that if a suit is filed, said suit shall be forwarded to the insurer immediately. The above appears under paragraph four of the conditions of said policy.

The Hartford Accident and Indemnity Company seeks "a writ of injunction" against Claimant Daniel Hodge, from prosecuting his personal injury action until a final determination is made in this case and further "that the Court (Court of Claims) may construe the policy of the plaintiff and declare the rights of the parties." In effect, Claimant, Hartford Accident and Indemnity Company, seeks from this Court a declaration of rights under the policy of insurance and more particularly a declaration that, due to the absence of proper notice, the Hartford Accident and Indemnity Company owes no obligation to defend or indemnify the State of Illinois in connection with *Hodge v. State of Illinois*.

The issues before this Court are as follows:

1. Does the Court of Claims have jurisdiction to "construe" the policy of insurance to either require the Hartford to defend and indemnity the State on the one hand, or releasing the Hartford from any obligation to defend or indemnify the State on the other?

2. Is the policy provision of the Hartford's casualty policy, requiring notice under certain circumstances,

enforceable against its contracting party, the State of Illinois?

3. Did the State of Illinois comply with the contract of insurance to which it was a party?

Respondent argues that this Court does not have jurisdiction to grant declaratory relief. Further, Respondent points out that any opinion or order of this Court is "enforceable" only to the extent that the legislature grants money for the payment of claims awarded by this Court. Respondent points out that Claimant may not have remedy in this case, nothwithstanding the provisions of the Illinois Constitution of 1970, which provides in general that for every wrong there shall be a remedy.

The "Court of Claims Act" (Section 8b) provides that the Court shall have exclusive jurisdiction to determine all claims against the State founded upon any contract entered into with the State of Illinois. Respondent argues that this legislative grant of exclusive jurisdiction should be interpreted to exclude jurisdiction of all claims which cannot be resolved by awarding or denying monetary relief. If the legislature had intended such a result, it would seem that the grant of jurisdiction to decide "claims against the State founded upon any contract" would have been expressed in a much more restrictive manner.

Such a limited interpretation as that urged by Respondent does not appear to have been the legislative intent. No one suggests that enforcement of an order of this Court to the effect that the Hartford should not escape responsibility to defend and indemnify the State of Illinois for the reasons propounded in the Hartford's complaint could not be enforced by the State in a separate proceeding in the appropriate Circuit

Courts of the State of Illinois. Conversely, if this Court should determine that the Hartford does not owe a duty to defend or indemnify, then no problem of enforcement is encountered. In *Struve v. State of Illinois, Department of Conservation, 303 N.E.2d 32,* the Court stated:

"Regardless of the relief sought, the Plaintiff has made claim against the State, founded on a contract. These claims should be resolved in the Court of Claims and, therefore, the Trial Court properly granted the defendant's motion to dismiss the plaintiff's complaint, and accordingly, we affirm the action of the Circuit Court of Rock Island County."

In the case of *G. H. Sternberg and Company v. Bond, 333 N.E.2d 261,* an interlocutory appeal was taken from an order of the Circuit Court of Madison County, which temporarily enjoined the defendant from enforcing contract rights against the plaintiff under a construction contract entered into between the plaintiff under a construction contract entered into between the plaintiff and the State. The Appellate Court for the Fifth District reversed the Circuit Court order, dissolved the injunction, and dismissed the case for want of jurisdiction. The Appellate Court held that the Circuit Court was without jurisdiction to entertain the suit or issue the injunction, and that the case should have been brought in the Court of Claims.

In the present case, the Hartford has chosen this forum to present the issue of whether or not the Hartford should be bound to defend and indemnify the State of Illinois in the case of *Daniel Hodge v. State.* A determination of those issues must necessarily involve and be determined by an interpretation of the applicable provisions of the policy of insurance to which the State is a party. It therefore appears that the claim of the Hartford is founded upon a contract. Therefore, this Court should decide the issue presented.

In paragraph 4(a) of the terms and conditions of said policy (located on page 4 of the policy), it is provided as follows:

"In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable."

Paragraph 4(b) of the same section provides as follows:

"If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

It was stipulated by the parties that the notice of injury filed by Daniel Hodge was received at the Attorney General's office on June 7, 1974, in Springfield, Illinois. On November 24, 1975, Daniel Hodge filed a suit against the State of Illinois in the Court of Claims.

On March 15, 1977, the State of Illinois, Department of Transportation, for the first time, mailed a notice of this occurrence to the Hartford Accident and Indemnity Company at its office in Peoria, Illinois. Representatives of the Hartford began an investigation of the claim and occurrence on April 5, 1977, (*McGuire* deposition, page 8). The Hartford's investigators were not able to physically inspect Claimant's vehicle after the accident and were not able to find any witnesses who might have confirmed the allegation that Claimant had been drinking excessively on the evening of the accident, and was not able to examine the roadway for a possible dropoff soon after the accident (McGuire deposition, page 55).

In *City of Chicago v. United States Fire Insurance Co. 260 N.E.2d 276 at page 278,* it was revealed that the *City of Chicago* contended that late notice of a claim to

an insurance company did not relieve the insurance company of its obligation to furnish a defense for three reasons: First, because the policy was issued to protect a municipality in the discharge of a governmental function and was therefore subject to the public policy of conserving public assets. Second, the delay was excusable under the circumstances, since the policy had not been filed in the appropriate municipality office. And third, because the insurance company was not prejudiced by the delay, since there had been an extensive investigation of the accident by other insurance companies as well as the employer of the injured man, the injured man's lawyers and the City of Chicago itself.

The Court, in the *City of Chicago* case, supra, set forth the following at page 278:

"As to the first contention, contrary to the City's position, we deem it of no significance that the insured in this case is a municipal corporation. The City's argument misapprehends the issue in this case. The City of Chicago, to the extent that it is a named insured under a liability policy, is a contracting party."

The Court went on to say:

"The City entered into an insurance contract containing several commonly used and clearly understood clauses. The insurance company, as a part of its insurance contract, was entitled to insist on notice of an accident "as soon as practicable" and notice of claim or suit "immediately.""

The Court then went on to state, "The City argues, however, that these contract terms do not apply to it since they operate to violate the principle of conserving public assets." After further comment, the Court concluded at page 279, "The City must be bound by the contract and grant it has made, and had authority to make, the same as would an individual." The Court then went on to state, at page 279, "Appellant's second contention that the delay was excusable under the circumstances, since the policy was misfiled, is likewise without merit. The fact of the matter is that the policy

was filed with the Engineering Department. Whether this constitutes misfiling is a matter of conjecture." The Court then went on to state: "There is nothing to indicate that the policy was stolen or lost; nor is there any explanation or excuse offered as to why the policy was with the Engineering Department instead of the Comptroller's Office. If the policy was merely filed with the wrong department and if no search was made for it beyond a routine inquiry with the Comptroller's Office, the fault, if any, lies with the City." Finally, at page 280, the Court states: "Appellant's third contention that the Trial Court should not have found for the defendant without a showing by the defendant that it was prejudiced by the delay is not supported by any cases which have been called to our attention."

The last part of the policy of insurance above quoted specifically makes compliance with the terms of the policy a condition precedent to the right to maintain an action against the company. In such cases where the giving of notice and forwarding of suit papers have specifically been made conditions precedent to a right of action against the insurer, "We find the authorities overwhelmingly in favor of giving full recognition to such provision, in which case the presence or absence of prejudice resulting from a delay in giving notice becomes immaterial." Citing *State Farm Mutual Auto Ins. Co. v. Cassinello, Nev. 227, 216 P.2d 606, 18 A.L.R.2d 471, 441 (1950).*

"The issue is not whether the insured has been prejudiced but, rather, whether reasonable notice has been given." Citing *Country Mutual Casualty Co. v. Van Duzen, 351, Ill. App. 113, 113 N.E.2d 852; Simmon v. Iowa Mutual Casualty Co., 3 Ill. 2d, 318; Allstate Insurance Co. v. Hoffman, 21 Ill. App. 2d, 314.*

Obviously, there is no requirement that an insurer show prejudice because of late notice, although in the instant case prejudice has been shown. Further, the delay of almost three years in giving notice in itself would be obvious prejudice.

Numerous other cases support the position of plaintiff in this declaratory judgment action that it be relieved of any obligation to the State of Illinois relative to the Hodge suit. In *Greater Chicago Auction, Inc. v. Abram v. Travelers Indemnity Co., 25 Ill. App. 3d 67; 323 N.E.2d 818,* the Court at 820 in referring to a notice provision containing the words "as soon as practicable" stated: "A notice provision is clear and unambiguous and clearly imposes a duty on the insurer to notify the insured." It then went on to quote from *International Harvester Co. v. Continental Casualty Co., 33 Ill. App. 2d 467* and stated: "A notice provision such as this is not to be considered as a technical requirement included in policies merely for the convenience of the insurance company. Rather it is a matter of substance imposing a valid prerequisite to coverage. Upon the happening of an accident, a prompt, as distinguished from a delayed, investigation of the facts of the occurrence can so greatly affect the efficiency of the defense as to change the very character of the risk insured. It follows, therefore, that the notice requirements of a policy apply not only to the named insured but also to the unnamed additional insureds under an omnibus clause."

In *Sowinski v. Ramey, 36 Ill. App. 3d 690; 344 N.E.2d 635,* the Court stated at page 638 of its opinion: "An insurance policy is a contract, and where the provisions of that contract are clear and unambiguous and neither illegal nor against public policy, they should be enforced by the Courts. The provisions of the

policy in the instant case accord with all these criteria. It is abundantly clear from the record that the defendant did not provide the notice or the assistance that he was contractually obliged to provide to the garnishee."

Finally, in *Walsh v. State Farm Mutual Insurance Co., 91 Ill. App. 2d 156, 234 N.E.2d 394,* the Court concluded that the trial judge could reasonably conclude from the evidence adduced that the plaintiff had, under all circumstances, acted in a reasonable manner in notifying the company of the accident when she did, which was one month after the accident. The Court concluded that 30 days could, under the circumstances there adduced, be termed reasonable. The Court further stated, however, at page 399 that: "This phrase was construed by the Court in *London Guarantee & Accident Co. v. Shafter,* 35 F. Supp. 647 to mean that notice of the accident must be given to the insurer within a reasonable time; and whether notice was given within a reasonable time is dependent upon all the facts and circumstances of the particular case. The purpose of such notice requirement in an insurance policy is to provide the insurance company with an adequate opportunity to investigate the accident and prepare its defense."

Respondent argues that the State should not be prejudiced by the mistakes of its employees, and that the State enjoys a special position which should render it immune from the effect of Claimant's argument. The Respondent cites the example that the State is never estopped due to apparent authority of its agents *Dement v. Rokker, 126 Ill. 174, 199, Schoenig v. State, 11 Ill. Ct. Cl. 634, 639).* Also, the statute of limitations need not be specially pleaded by the State inasmuch as not even the Attorney General has the power to waive or arrest the statute *McChesney v. Becker, 4 Ill. Ct. Cl. 5).*

Respondent argues that public policy and the propensity of Courts to construe insurance policy coverage questions against the insurer should relieve the State of its obligation to defend itself in the present case. We do not find Respondent's arguments convincing on the issues at bar.

It is clear that the State violated the contractual provision which bound it to give reasonable notice of occurrences or suits to its insurer. Further, the record demonstrates that the State's insurer was prejudiced by the lack of notice to which it would otherwise have been entitled (see deposition of *McGuire.*) Therefore, the Hartford should be relieved of its obligation to defend or indemnify the State of Illinois in *Daniel Hodge v. State of Illinois.*

The Court of Claims has exclusive jurisdiction to hear and determine all claims against the State founded upon any contract entered into with the State of Illinois. The insurance policy in question is a contract between the Hartford and the State of Illinois. The claims of the Hartford are based upon its contract and the particular provisions thereof. The Court of Claims does have jurisdiction to declare the rights of the parties in the present case under the terms of the contract between the Hartford and the State of Illinois.

The insurance policy in question requires that notice be given by the insured (State of Illinois) of occurrences coming under the terms of the liability coverage and further that notice of suit be given immediately by the State to its insurer. The State wholly failed in its contractual obligation to give the notices required by the contract of insurance to the Hartford Insurance Company.

This Court is of the opinion that the obligation on the part of the State to notify the Hartford Insurance Company was completely ignored and that by such act in failing to notify the insurance company as required by the policy, the Hartford Accident and Indemnity Company has no obligation to defend or indemnify the State of Illinois, and that said insurance company is relieved of any liability as a result of the failure of the State to comply with its obligations under said policy.